## TROW *v.* MESSER.

The judgment for the plaintiff, upon demurrer to a plea in abatement, if there be an issue of law, is not final, but merely that the defendant answer over.

Upon error to reverse a final judgment, erroneously rendered for the plaintiff upon demurrer to a plea in abatement in the Court of Common Pleas, if an execution has been issued and collected, the former judgment will be reversed, the proper judgment ordered upon the pleadings, the case remitted to the Common Pleas for further proceedings, and a writ of restitution awarded for the amount of the execution issued in the Common Pleas, and costs thereon, as paid, with interest, as damages, and the costs of the proceedings in error.

ERROR, brought to reverse a judgment of the Common Pleas, recovered on the first Tuesday of October, 1854.

The action was assumpsit, brought by Messer to recover of Trow the sum of $18.00 ; being one half the expense of dividing and building a partition fence between the parties in Spring-

field, in the county of Sullivan. The defendant filed a plea in abatement to the jurisdiction of the court, alleging in substance that the cause of action accrued in Sullivan county ; that less than $13.33 was due, if anything, and therefore the case was within the jurisdiction of a justice of the peace in that county, and not within the jurisdiction of the Common Pleas for this county. The defendant was described in the writ as of Suna-pee, and the plaintiff of New-London. The plaintiff demurred specially for causes assigned, and prayed judgment that the defendant might answer further. The court sustained the demurrer, and thereupon judgment was rendered for the plaintiff for $18.00 debt, and $10.83 costs, upon which execution issued, which had been collected of the defendant.

The error assigned was, that judgment had been rendered for the plaintiff for debt and costs, whereas by the law of the land it ought to have been that the defendant answer further.

*Burke,* for the plaintiff in error.

In the original action the judgment should have been *respondeat ouster,* instead of being that the plaintiff recover his damages and costs. The authorities relied upon are *Whitford* v. *Flanders,* 14 N. H. 371 ; *Barker* v. *Forest,* 1 Strange 532 ; *Bowen* v. *Shapcott,* 1 East 542.

A judgment for restitution may be rendered for the damages and costs collected by the plaintiff in the original action. *Eames* v. *Stevens,* 6 Foster 117.

*Everett,* for the defendant in error.

FOWLER, J. The authorities are clear, distinct and uniform, that the judgment for the plaintiff, in an issue of law, upon a demurrer to a plea in abatement, must be that the defendant answer over, and not that the plaintiff recover damages and costs. The reason is, because every man shall not be presumed to know the matter of law, which he leaves to the judgment of the court. Howe's Practice 215 ; 2 Saunders 210, *g,* n. 3 ; *Eichorn* v. *Le Maitre,* 2 Wils. 367 ; *Onslow* v. *Smith,* 2 B. & P. 388.

In the present case, the demurrer concluded with a prayer for the proper judgment, and it was probably through some inadvertence or misunderstanding that final judgment was rendered in the original action.   As that judgment was manifestly erroneous, as well upon principle as authority, it must be reversed and set aside, the proper judgment be rendered upon the pleadings; that the defendant answer over to the declaration, and the case be remitted to the Common Pleas for further proceedings there.   As an execution issued upon the erroneous judgment, which has been collected, the plaintiff in error should be restored to what he has lost thereby, and therefore is entitled to a writ of restitution for the amount of debt and costs in that execution, and the officer's fees thereon, with interest from the time of payment, together with the costs of this suit.

*Judgment reversed.*